IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIDIA HESTON and ADRIAN HESTON IV, *Next friends of A.H.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:18-CV-18-RP |
| THE SCHOOL BOARD OF AUSTIN INDEPENDENT SCHOOL DISTRICT and JENNIFER HARDISON, | § § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant Austin Independent School District's Motion to Dismiss Plaintiff's Second Amended Complaint. (Dkt. 25). Having considered the parties' briefs, the record, and the relevant law, the Court finds that the motion should be granted.

**I. BACKGROUND**

Plaintiffs Nidia and Adrian Heston IV ("the Hestons") bring this action on behalf of their minor child, A.H., who was previously a student at a middle school within the Austin Independent School District ("AISD"). (2d Am. Compl., Dkt. 21, at 1, 8). The claims in this case arise from injuries A.H. sustained when Jennifer Hardison, ("Hardison"), a special education teacher's aide, threw a trash can at A.H., striking him in the face. (*Id.* at 9).

Before filing this action, the Hestons requested a hearing before a Texas Education Agency ("TEA") Special Education Hearing Officer ("SEHO"). (*Id.* at 10; Resp. Mot. Dismiss, Dkt. 28, at 15). Their petition contained claims for violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.* (TEA Am. Compl., Dkt. 25, at 39–44). Before the hearing took place, the parties settled all of A.H.'s IDEA

1

claims. (Settlement Agreement, Dkt. 25, at 47–53). As part of that agreement, A.H. released AISD from all claims that arising out of or pertaining to the IDEA but reserved the right to file a separate action containing claims arising under 42 U.S.C. § 1983 ("Section 1983"), Section 504, and the ADA. (*Id.* at 50). Based on the parties' settlement, the SEHO dismissed the administrative action. (SEHO Order, Dkt. 25, at 54).

Following the settlement of his administrative action, A.H. filed a civil action in this Court asserting a set of non-IDEA claims against AISD and Hardison (together, "Defendants"). Against Hardison, A.H. asserts claims under Section 1983 for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. (*Id.* at 15–16). Against AISD, A.H. asserts a Section 1983 claim for violations of his Fourteenth Amendment rights relating to AISD's failure to appropriately train, hire, and supervise staff. (*Id.* at 14–15). A.H. also asserts claims against AISD for violations of Section 504 and the AD. (*Id.* at 16–18).

AISD seeks to dismiss each of the claims against it with prejudice. (Mot. Dismiss, Dkt. 25, at 6). Specifically, AISD argues that all of A.H.'s claims are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") because A.H.'s failure to administratively exhaust his claims deprives this Court of subject matter jurisdiction. (*Id.* at 5–22). In the alternative, AISD argues that A.H. has failed to state a plausible claim for relief for any of his claims, subjecting each to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (*Id.* at 23–28).[1] A.H. opposes AISD's motion in its entirety. (Resp. Mot. Dismiss, Dkt. 28).

## II. LEGAL STANDARD

*A. What Standard of Review to Use?*

The IDEA requires plaintiffs to exhaust a state administrative process before filing an action in federal court. 20 U.S.C.A. § 1415(b), (f), (g); *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749 (2017).

---

[1] AISD does not share representation with Hardison, who appears in this action *pro se*. The only claims at issue in the instant motion are A.H.'s claims against AISD.

IDEA exhaustion can also apply to ADA other related claims: a plaintiff must exhaust the IDEA's procedures "before filing an action under the ADA, the Rehabilitation Act, or similar laws when (but only when) her suit 'seek[s] relief that is also available' under the IDEA." *Fry*, 137 S. Ct. at 752 (quoting 20 U.S.C. § 1415(*l*)). AISD argues that A.H.'s claims are subject to IDEA exhaustion because they seek IDEA relief, and that A.H.'s failure to exhaust the IDEA's procedures deprives this Court of jurisdiction. (Mot. Dismiss, Dkt. 25, at 5–22).

The parties dispute whether the IDEA's exhaustion requirement is jurisdictional. (Mot. Dismiss, Dkt. 25, at 5 n.2; Resp. Mot. Dismiss, Dkt. 28, at 2 n.1). AISD notes that some district courts in this circuit treat IDEA exhaustion as jurisdictional and urge the Court to do likewise. (Mot. Dismiss, Dkt. 25, at 5 n.2). A.H. argues that IDEA exhaustion is not jurisdictional because it is subject to exceptions like futility. (Resp. Mot. Dismiss, Dkt. 28, at 2 n.1).

The Court's standard of review turns on the resolution of this issue. If IDEA exhaustion is jurisdictional, the Court can rely on evidence outside the complaint and resolve disputed facts to evaluate the merits of jurisdictional claims under Rule 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). If IDEA exhaustion is an affirmative defense, however, A.H.'s claims may be dismissed under Federal Rule 12(b)(6) only "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Indeed, AISD seeks to introduce evidence outside the complaint, (Mot. Dismiss, Dkt. 25, at 2–3), while A.H. argues that such evidence is not proper at this stage in the litigation, (Resp. Mot. Dismiss, Dkt. 28, at 17–18). The Court must therefore resolve this issue before turning to the others raised in AISD's motion.

Both parties state that the Fifth Circuit has not decided whether IDEA exhaustion is jurisdictional, though it is unclear whether that is the case. In *Gardner v. School Board Caddo Parish*, the Fifth Circuit stated that it was not deciding whether IDEA exhaustion was jurisdictional before

holding that a complaint based on the IDEA was "not a justiciable controversy until the plaintiff has exhausted his administrative remedies or proved that exhaustion would be futile or inadequate." 958 F.2d 108, 112 (5th Cir. 1992). Despite the ambiguity in *Gardner*'s holding, this Court and others in this circuit have cited *Gardner* for the proposition that IDEA exhaustion is jurisdictional. *See Dabney v. Highland Park Indep. Sch. Dist.*, 3:15-CV-2122-L, 2016 WL 1273467, at *6 (N.D. Tex. Mar. 31, 2016) ("The IDEA's exhaustion requirement has been interpreted as jurisdictional.") (citing *Gardner*, 958 F.2d at 112); *E.G. v. Northside Indep. Sch. Dist.*, CV SA-12-CA-949-FB, 2014 WL 12537177, at *24 n.7 (W.D. Tex. Mar. 31, 2014) ("[T]his Court appears to remain bound by the Fifth Circuit's decision in *Gardner* . . . holding 'the exhaustion requirement of the IDEA is jurisdictional.'") (quoting *Hooker v. Dallas Indep. Sch. Dist.*, 3:09-CV-1289-D, 2010 WL 4025877, at *6 (N.D. Tex. Oct. 13, 2010)); *Hooker*, 2010 WL 4025877, at *6 ("Because *Gardner* is binding, the court holds that the exhaustion requirement of the IDEA is jurisdictional.").

Other courts in this circuit are less certain of *Gardner*'s import. *See, e.g.*, *Pfeiffer v. Tangipahoa Par. Sch. Bd.*, CIV.A.00-1233, 2000 WL 1725089, at *3 (E.D. La. Nov. 17, 2000). To complicate matters further, the Fifth Circuit recently stated in an unpublished opinion that it "need not decide" whether IDEA exhaustion is jurisdictional. *M.L. v. Frisco Indep. Sch. Dist.*, 451 F. App'x 424, 427 (5th Cir. 2011). In doing so, the court took note of the Supreme Court's "recent warnings" against "using the jurisdictional label too broadly." *Id.* (citing *Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202–03 (2011)).

Meanwhile, other circuits have divided on the question. *Compare Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 870 (9th Cir. 2011) (en banc) (holding that the IDEA's exhaustion requirement is not jurisdictional), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014); *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006) (same); and *N.B. ex rel. D.G. v. Alachua Cty. Sch. Bd.*, 84 F.3d 1376, 1379 (11th Cir. 1996) (same); *with Batchelor v. Rose Tree Media Sch. Dist.*, 759

F.3d 266, 272 (3d Cir. 2014) (stating that IDEA exhaustion is jurisdictional "[i]n the normal case") (cleaned up); *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 207 (2d Cir. 2007) ("[W]e have long treated the IDEA's exhaustion requirement as jurisdictional."); *MM ex rel. DM v. Sch. Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002) (holding that the plaintiff's failure to exhaust deprives the court of subject matter jurisdiction).

Based on the ambiguity of *Gardner*'s holding[2] and the Fifth Circuit's recent implication that the issue remains unresolved in this circuit, *M.L.*, 451 F. App'x at 427, the Court does not find that it is bound to hold that IDEA exhaustion is jurisdictional. Not being so bound, the Court is persuaded that it is not.

As the Fifth Circuit observed, the Supreme Court has cautioned courts against treating statutory requirements as jurisdictional. *M.L.*, 451 F. App'x at 427. In *Reed Elsevier, Inc. v. Muchnick*, for example, the court held that the Copyright Act's registration requirement is not jurisdictional. 559 U.S. 154, 160–66 (2010). In doing so, the court found that the Act does not "'clearly state[ ]' that its registration requirement is 'jurisdictional.'" *Id.* at 163 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006)). Second, the court found that registration requirement is located in a separate provision from those provisions granting federal courts subject matter jurisdiction over claims arising under the Act. *Id.* at 164–65. Third, the court found that the registration provision could not be read "to 'speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'" *Id.* at 165 (quoting *Arbaugh*, 546 U.S. at 515). The court has reaffirmed the relevance of these three factors by applying them in subsequent cases. *See Henderson*, 131 S.Ct. at 1202–03, 1204–06. In doing so, the court urged caution in construing "claim processing rules" to be jurisdictional. *Id.* at 1202; *see also id.* ("[A] a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity.").

---

[2] "We do not decide whether exhaustion is a jurisdictional requirement. Quite arguably, it is not because there is a judicial exception to exhaustion when exhaustion would be futile or inadequate." *Gardner*, 958 F.2d at 112.

Nowhere in Section 1415 does it state that its procedural requirements are jurisdictional. 20 U.S.C. § 1415. Instead, Section 1415 restricts the rights of plaintiffs to bring suit rather than limiting the power of federal courts to hear a suit. *See id.* § 1415(i)(2)(A) ("[A]ny party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action . . . in a district court of the United States . . . ."). As other courts have found, "[t]hat textual choice strongly suggests that the restriction may be enforced by defendants but that the exhaustion requirement may be waived or forfeited." *Payne*, 653 F.3d at 869. Moreover, "nothing in the relevant jurisdictional statutes requires exhaustion under the IDEA." *Id.* at 870. The subsection pertaining to federal district courts' jurisdiction over actions arising under the IDEA is silent regarding exhaustion. 20 U.S.C. § 1415(i)(3). Absent a clear statement from Congress, *Arbaugh*, 546 U.S. at 515–16, the Court declines to find that IDEA exhaustion is jurisdictional in light of the reasons given by the Supreme Court to exercise caution in this area. *See Henderson*, 131 S.Ct. at 1202 (describing inefficiency and potential unfair prejudice to litigants as "drastic" consequences of jurisdictional treatment counseling discipline). Accordingly, the Court treats AISD's exhaustion argument as an affirmative defense. Although "the earliest possible time to consider" such a defense "would normally be after the answer has been filed," the Court can consider the defense under Rule 12(b)(6) and grant relief to AISD "if the allegations of the complaint in the light most favorable to the plaintiff show that there is no way that any amendment could salvage the claim." *Mosely*, 434 F.3d at 533.

### *B. Rule 12(b)(6)*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To

6

survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

AISD argues that A.H.'s claims should be dismissed both because (1) he was required to exhaust and did not, (Mot. Dismiss, Dkt. 25, at 6–22), and (2) his second amended complaint fails to state a plausible claim for relief for any of his claims, (*id.* at 23–28). Because the Court agrees with AISD on the issue of exhaustion, it will not consider the sufficiency of A.H.'s pleadings on the merits of his claims. Exhaustion contains two issues: (a) whether A.H. was required to exhaust

IDEA remedies pursuant to *Fry*, and (b) whether A.H. did exhaust if he was required to. The Court will consider each issue in turn.

*A. Was A.H. Required to Exhaust IDEA Remedies?*

AISD argues that, under Section 1415(*l*) and the Supreme Court's explication of that provision in *Fry*, A.H. was required to exhaust the IDEA's administrative procedures and did not. (Mot. Dismiss, Dkt. 25, at 12–22). In response, A.H. argues that (1) *Fry* does not require him to exhaust his claims, (Resp. Mot. Dismiss, Dkt. 28, at 20–25); and (2) even if it did, he is excused from IDEA exhaustion because exhaustion would be futile, (*id.* at 22–23). For the reasons discussed below, the Court agrees with AISD.

<u>1. Exhaustion Under Section 1415(*l*) and Pursuant to *Fry*</u>

To determine whether a non-IDEA claim must be exhausted according to the IDEA, courts examine whether the claim seeks relief for the denial of a free appropriate public education ("FAPE"), "because that is the only 'relief' the IDEA makes 'available.'" *Fry*, 137 S. Ct. at 752 (quoting 20 U.S.C. § 1415(*l*)). In doing so, courts "should look to the substance, or gravamen, of the plaintiff's complaint." *Id.* Observing that "the same conduct might violate [the IDEA, Section 504, and the ADA]," *id.* At 756, the Supreme Court identified several analytical methods for scrutinizing the substance of a plaintiff's claims in this context, *id.* at 755–57. First, courts are to ignore the "use (or non-use) of particular labels and terms." *Id.* at 755. Second, courts should consider the "diverse means and ends" of the IDEA, Section 504, and the ADA: "the IDEA guarantees individually tailored educational services, while Title II [of the ADA] and § 504 promise non-discriminatory access to public institutions." *Id.* at 755–56. Third, courts should consider a pair of hypothetical questions:

> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult at the school—say, an employee or visitor— have pressed essentially the same grievance? When the answer to those questions is

8

> yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

*Id.* at 756. Fourth, courts should consider "the history of the proceedings." *Id.* at 757. If, for example, the plaintiff has "previously invoked the IDEA's formal procedures to handle the dispute," that could "provide strong evidence that the substance of a plaintiff's claim concerns the denial of a FAPE, even if the complaint never explicitly uses that term." *Id.*

A.H.'s Section 504 and ADA claims are centrally concerned with A.H.'s physical safety. A.H. alleges that AISD "failed to keep [him] safe from harm" and "failed to provide him an environment that was not hostile." (2d Am. Compl., Dkt. 21, at 16). A.H. claims that AISD violated his rights under Section 504 because it failed to "keep[ ] him as safe as his non-disabled peers." (*Id.*). Additionally, A.H. claims that AISD violated his rights under the ADA by failing to accommodate him with: (1) "staff who had the necessary and appropriate background to serve him"; (2) "trained staff"; (3) "staff who were correctly supervised"; or (4) "a safe and non-hostile educational environment." (*Id.* at 17–18).

The weight of A.H.'s specific factual allegations likewise focus on his physical safety. A.H. is a child with autism, attention-deficit/hyperactivity disorder, and bipolar disorder. (*Id.* at 3). A.H. has tried to harm himself and expressed suicidal ideations at school; the Hestons have asked that the school provide him with properly trained paraprofessionals to assist him. (*Id.* at 6–7). After an incident in which he wrapped a cord around his neck, the Hestons requested more supervision and training for A.H.'s aide. (*Id.* at 7). She also asked for his current aide, Hardison, to be replaced, because she "did not feel A.H. was safe with her." (*Id.*). A year later, she again asked for Hardison to be replaced. (*Id.*). A week after the second request, Hardison threw a trash can at A.H. and struck

him in the face. (*Id.* at 9). A.H. alleges that AISD failed to hire a qualified aide, to appropriately train or supervise Hardison, or to replace Hardison following repeated requests. (*Id.* at 11).

AISD argues that these allegations are, in substance, about the denial of a FAPE. (Mot. Dismiss, Dkt. 25, at 12). First, AISD argues that because the district accommodated A.H.'s needs through an Individualized Education Program ("IEP") under the IDEA, any allegation that they failed to accommodate his needs is an allegation that he was denied a FAPE under the IDEA. (*Id.* at 15). Second, AISD points out that A.H. seeks damages for the "deprivation of educational opportunities," which is equivalent to seeking damages for denial of a FAPE. (*Id.*). Third, AISD argues that A.H. would not be able to bring a claim under the two *Fry* hypotheticals. (*Id.* at 17–20). A.H. responds that the gravamen of his complaint concerns "getting abused by a staff member," and that "[t]here's nothing educational about that." (Resp. Mot. Dismiss, Dkt. 28, at 4). The Court agrees with AISD that the gravamen of A.H.'s complaint concerns the denial of a FAPE.

To accommodate A.H.'s disabilities, AISD provides him with special education services. (2d Am. Compl., Dkt. 21, at 6). A.H. alleges that one component of his special education services is the hiring of "qualified staff . . . to serve [his] unique and individualized needs." (*Id.* at 5). The Hestons asked that his IEP include a 1:1 aide. (TEA Am. Compl., Dkt. 15, at 34).[3] AISD responded by placing Hardison with A.H. (*Id.*). Unhappy with Hardison, the Hestons later made multiple requests for accommodation for an aide "with adequate training to accommodate A.H.'s unique needs." (2d Am. Compl., Dkt. 21, ¶ 60; *see also id.* ¶¶ 50, 58, 62). After the alleged assault, "A.H. became afraid to attend school." (*Id.* ¶ 90). As damages, A.H. seeks compensation for the "deprivation of educational opportunities in the past and future." (*Id.* ¶ 165).

---

[3] The Hestons' amended TEA complaint is a document that they filed with a state agency and which is part of the public record. (TEA Am. Compl., Dkt. 25, at 32–46). When ruling on a Rule 12(b)(6) motion to dismiss, courts may consider "matters of which a court may take judicial notice." *Tellabs, Inc.*, 551 U.S. at 322. It is appropriate to take judicial notice of publicly available documents produced by a government agency, which are matters of the public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.")). The Court may therefore consider the Hestons' amended TEA complaint for purposes of deciding AISD's motion to dismiss.

The gravamen of these allegations is the denial of a FAPE. A.H. received an aide as part of his IEP, which AISD developed pursuant to the IDEA. *See* 20 U.S.C. § 1414. A.H.'s complaints about the deficiency of the aide provided through his IEP are therefore complaints about the adequacy of his IEP. Because a child's IEP is the "vehicle or means of providing a FAPE," a complaint about the adequacy of a child's IEP is a complaint about the denial of a FAPE. *Fry*, 137 S. Ct. at 753 (cleaned up).

It is irrelevant that A.H. does not refer to a FAPE or his IEP in his complaint, or that he casts his claims in terms of safety; the Court must look past the use of "particular labels and terms." *Id.* at 755. What matters is that the denial of a safe environment is in this case the denial of a FAPE, since the safety risk implicates the adequacy of A.H.'s IEP. Tellingly, A.H. himself told the SEHO that the denial of a safe environment constituted the denial of a FAPE. (*See* TEA Am. Compl., Dkt. 15, at 39 ("Austin ISD fail[ed] to ensure that [A.H.] received a free and appropriate public education designed to meet his unique needs in a safe environment during the 2015-2016 school year[.]")). A.H.'s prior pursuit of a denial-of-safety claim under the IDEA is "strong evidence" that the substance of his Section 504 and ADA claims concern the denial of a FAPE. *Fry*, 137 S. Ct. at 757.

The *Fry* hypotheticals also favor AISD's position. A.H. could not have brought essentially the same claims if he had been assaulted in a public theater or a library, because neither of those facilities is obligated to provide him an aide who will not assault him. Likewise, had Hardison assaulted an adult visitor to the school, the visitor would not be able to bring essentially the same claim because the adequacy of Hardison's training would not be part of an accommodation to an adult visitor. A.H. does not argue otherwise. (*See* Resp. Mot. Dismiss, Dkt. 28, at 24–25). A.H.'s complaint does not "seek relief for simple discrimination" untethered to AISD's FAPE obligation; he complains of the adequacy of the "individually tailored educational services" provided to him under the IDEA. *Fry*, 137 S. Ct. at 756. For the reasons given above, the Court finds that the

substance of A.H.'s Section 504, ADA, and Section 1983 claims concern the denial of a FAPE. His claims must therefore be dismissed unless he exhausted his IDEA remedies or his failure to exhaust those remedies is excused.

### 2. Futility

A.H. argues that he need not exhaust his IDEA remedies because doing so would be futile. (Resp. Mot. Dismiss, Dkt. 28, at 23–24). According to A.H., exhaustion would be futile because he seeks damages, which an SEHO cannot order. (*Id.*). Futility is an exception to the IDEA's exhaustion requirement. *Honig v. Doe,* 484 U.S. 305, 327 (1988). However, a plaintiff cannot claim that exhaustion is futile simply because the plaintiff seeks damages. *See Doe v. Dallas Indep. Sch. Dist.*, 3:17-CV-1284-B, 2018 WL 1899296, at *4 (N.D. Tex. Apr. 19, 2018); *Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 689–90 (W.D. Tex. 2015) ("Most circuits that have ruled on this issue have found that a prayer for money damages is, alone, insufficient to bypass the IDEA's exhaustion requirement.") (citing decisions from the First, Second, Sixth, Seventh, and Eleventh Circuits); *Wellman v. Butler Area Sch. Dist.*, 877 F.3d 125, 131 n.7 (3rd Cir. 2017) ("[A] plaintiff's request for remedies not available under the IDEA does not remove the claim from being subject to exhaustion."). A.H. cannot claim futility simply because he seeks a remedy that the TEA cannot provide. His only other argument for futility is that his claims "are totally unrelated to the Special Education or IEP process." (Resp. Mot. Dismiss, Dkt. 28, at 24). The Court does not agree for the same reasons that it found that the gravamen of A.H.'s claims concern the denial of a FAPE. A.H. cannot claim futility; he must exhaust his IDEA claims.

### B. Did A.H. Exhaust His IDEA Remedies?

The parties dispute whether A.H. exhausted his IDEA remedies. AISD argues that he has not because he settled his IDEA claims before the TEA hearing; he never obtained findings and a decision from the SEHO. (Mot. Dismiss, Dkt. 25, at 6). A.H., meanwhile, responds that he satisfied

the IDEA's exhaustion requirement when the SEHO "issued a final order noting she did [not] have jurisdiction over Section 504 and the ADA." (Resp. Mot. Dismiss, Dkt. 28, at 21 (citing 2d Am. Compl., Dkt. 21, ¶¶ 107–09)). That order is not in evidence,[4] but the Court accepts A.H.'s allegation of its existence as true for purposes of resolving AISD's 12(b)(6) motion. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

IDEA exhaustion requires "more than pleading a claim . . . it requires 'findings and decision' by the administrative body." *Reyes v. Manor Indep. Sch. Dist.*, 850 F.3d 251, 256 (5th Cir. 2017) (citing 20 U.S.C. § 1415(g)). A.H. does not dispute that he failed to exhaust his IDEA claim; his position is that he does not need to because he exhausted his Section 504 and ADA claims. (Resp. Mot. Dismiss, Dkt. 28, at 21). A.H. does not cite authority for his position. Meanwhile, courts have held that a plaintiff must exhaust his or her IDEA claims before asserting non-IDEA claims that fall under Section 1415(*l*). *See Doe*, 2018 WL 1899296, at *4; *Paul G. v. Monterey Peninsula Unified Sch. Dist.*, 16-CV-05582-BLF, 2018 WL 2763302, at *9 (N.D. Cal. June 8, 2018); *Soto v. Clark County Sch. Dist.*, 216CV2063JCMNJK, 2017 WL 3174916, at *4 (D. Nev. July 26, 2017); *A.F. ex rel Christine B. v. Espanola Pub. Sch.*, 801 F.3d 1245, 1247–48 (10th Cir. 2015). The Court is persuaded to adopt the same approach in cases such as this one, in which a plaintiff's non-IDEA claims substantively concern the denial of a FAPE. In such cases, because of the substantive overlap between the plaintiff's IDEA and non-IDEA claims, the purposes of exhaustion—such as developing a factual record and allowing state agencies to exercise their expertise—are served by requiring a plaintiff to exhaust his or her IDEA claims. *See Paul G.*, 2018 WL 2763302, at *8 (discussing the aims of IDEA exhaustion); *A.F. v. Espanola Pub. Sch.*, CIV 12-1166 RB/KBM, 2013 WL 11324313, at *6 (D.N.M. Dec. 6, 2013), *aff'd sub nom. A.F. ex rel Christine B. v. Espanola Pub. Sch.*, 801 F.3d 1245 (10th Cir. 2015) (same); *S.A.S. ex rel. W.S. v. Hibbing Pub. Sch.*, CIV. 04-3204JRTRLE, 2005 WL 1593011, at *2 (D.

---

[4] AISD avers in its reply that the SEHO never issued such an order. (Reply Mot. Dismiss, Dkt. 36, at 3 n.3).

Minn. July 1, 2005) (same). Accordingly, because A.H.'s non-IDEA claims seek relief for denial of a FAPE, his failure to exhaust his IDEA claims bars him from asserting his non-IDEA claims.

## IV. LEAVE TO AMEND

A.H. seeks leave to amend his complaint. (Resp. Mot. Dismiss, Dkt. 28, at 7). A.H. has already amended his complaint twice in response to motions to dismiss. (Dkts. 11, 21). It is true that Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (cleaned up). That said, a district court need not grant a futile motion to amend." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872 (5th Cir. 2000). Futility is determined under Rule 12(b)(6) standards; an amendment is considered futile if it would fail to state a claim upon which relief could be granted. *Id.* The Court finds that further amendment would be futile.

First, A.H. has already had two opportunities to refine his pleadings in response to similar arguments made in the instant motion to dismiss. Second, and more importantly, the deficiencies in A.H.'s second amended complaint cannot be cured by amendment—A.H.'s claims against AISD must be exhausted before they can be brought in this forum. Although AISD asks the Court to dismiss A.H.'s claims against it with prejudice, (Mot. Dismiss, Dkt. 25, at 6), "failure to exhaust administrative remedies usually results in a dismissal without prejudice" unless "exhaustion is no longer possible." *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007). It is unclear whether exhaustion remains possible; in light of that uncertainty, the Court will not dismiss A.H.'s claims against AISD with prejudice.

## V. CONCLUSION

For the reasons given above, **IT IS ORDERED** that AISD's Motion to Dismiss Plaintiff's Second Amended Complaint, (Dkt. 25), is **GRANTED**. A.H.'s claims against AISD are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on December 7, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE